UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON FABIAN PLUAS URENA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>Respondents. | Case No.: 26-cv-323-JO-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

Petitioner Jefferson Fabian Pluas Urena, proceeding *pro se*, filed a petition for writ of habeas corpus. Dkt. 1. The Court held oral argument on February 9, 2026. For reasons stated on the record, the Court ORDERS as follows:

1. The Court finds that it has jurisdiction to review Petitioner's constitutional challenges to his detention for the same reasons stated in its prior decision in *Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2–*3 (S.D. Cal. Jan. 29, 2026).

2. Petitioner alleges that he is detained at the Otay Mesa Detention Center located in San Diego, California but does not name the warden of this facility,

     Christopher Larose, as a Respondent. Dkt. 1. Given Petitioner's *pro se* status and his clear indication that he seeks release from the Otay Mesa Detention Center, the Court liberally construes his petition as having named the warden of that facility. The Court DIRECTS the Clerk of the Court to add "Christopher Larose, Warden of Otay Mesa Detention Center" to the caption as a Respondent.

3. In light of Respondents' stipulation to waive any requirements for further service, the Court proceeded to rule on the merits of Petitioner's habeas petition.

4. The Court GRANTS Petitioner's habeas petition [Dkt. 1].

5. Respondents, within fourteen (14) days of this order, SHALL provide Petitioner with an individualized bond hearing before a neutral immigration judge where the Government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). Respondents SHALL NOT deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention. The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

6. If no hearing occurs within fourteen (14) days of this order, Petitioner SHALL be released from Respondents' custody by 5 p.m. on the fifteenth (15) day following this order.

7. Respondents shall file a declaration by 5 p.m. on the sixteenth (16) day following this order (February 25, 2026) stating either the results of any bond

hearing conducted pursuant to this order or, if no bond hearing was held, confirm that Petitioner has been released.

**IT IS SO ORDERED**.

Dated: February 9, 2026

_____
Honorable Jinsook Ohta
United States District Judge